UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLEMENTINA HALL,** | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-CV-547-FHM |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
|        Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Clementina Hall, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir.

---

[1] Plaintiff's April 21, 2004 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held February 14, 2006. A supplemental hearing was held November 7, 2006. By decision dated February 28, 2007, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on August 16, 2007. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Plaintiff was 41 years old at the time of the ALJ's decision. [R. 400-401]. She claims to have been unable to work since January 10, 2002, due to headaches, neck pain and numbness and weakness of her hands and shoulders caused by a ruptured cervical disc; mid and lower back pain with numbness in her hips and legs; and pain in her stomach and uterine area caused by endometriosis, fibroids and diverticulitis . [Dkt. 15; R. 402-412]. Plaintiff also claims a mental impairment caused by depression and anxiety. [Dkt. 15; R. 426]. The ALJ determined that Plaintiff has severe impairments [R. 26] but that she retains the residual functional capacity (RFC) to perform a range of light work. [R. 32]. Based upon the testimony of a vocational expert (VE), the ALJ found Plaintiff could return to her past relevant work as a bus aide. [R. 32]. He concluded, therefore, that Plaintiff is not disabled as defined by the Social Security Act. [R. 26]. The case was thus decided at step four of the five-step evaluative sequence for determining whether a claimant is disabled. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (describing the five steps); *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts the ALJ failed: 1) to perform a proper analysis to support his step four finding, that he failed to discuss pertinent evidence of record in his decision, ignored the testimony of the VE at the supplemental hearing regarding the effects of the

ignored evidence on Plaintiff's ability to work and propounded an imprecise hypothetical to the VE which did not contain all the physical or mental limitations; and 2) to perform a proper credibility determination, resorting to an inordinate amount of boilerplate, miscasting some of the evidence and ignoring pertinent evidence that he should have discussed. For the reasons discussed below, the Court reverses and remands the decision to the Commissioner for reconsideration of the medical evidence.

## Discussion

Because this case is reversed on the basis of Plaintiff's claims of disability due to depression and anxiety, the Court's discussion of the record is limited to the evidence regarding Plaintiff's mental impairments.

At the first hearing conducted by the ALJ on February 14, 2006, Plaintiff testified she suffered from depression and anxiety and that she was being treated by "Dr. Marie Younger." [R. 427]. She testified that, because of the effect her mental impairment had on her ability to concentrate, she would be overwhelmed and could not handle the stress of a job. *Id.* At the close of the hearing, the ALJ and Plaintiff's attorney agreed a psychological CE assessment was necessary in order to complete the record. [R. 435].

Plaintiff was examined by Minor W. Gordon, Ph.D., on April 24, 2006. [R. 287-295]. Dr. Gordon reviewed Plaintiff's medical treatment records, including the "multiple handwritten outpatient treatment notes signed by Maria Younger, LPC." [R. 287-288]. He interviewed Plaintiff and conducted psychological testing consisting of the Wechsler Adult Intelligence Scale-III, the Beck Depression Inventory, the Beck Anxiety Inventory and the Minnesota Multiphasic Personality Inventory-II. [R. 289-290]. He summarized these tests as follows:

> In summary, Clementina Hall is a 41-year-old married female who alleges having a herniated disc, weakness and numbness in her legs and numbness from her left shoulder down to her hands more so on the left side, severe headaches, endometriosis, diverticulitis, chronic sinus infections and joint and muscle pain as her primary rationale for her application for disability benefits. Mrs. Hall has taken narcotic analgesics on a consistent basis for the past four years. Mrs. Hall is suffering from a severe level of depression. Her sleep is disturbed. Her energy is low and she is easily fatigued. She describes her appetite as only fair. Her social-adaptive behavior is in keeping with an individual suffering from chronic pain in addition to problems with depression and to a lesser degree anxiety. Her memory is intact in all three phases. Intellectually she is functioning within the average range.

[R. 290]. He diagnosed: Adjustment disorder with anxious mood, mild; and Adjustment disorder with depressed mood, severe secondary to chronic pain. [R. 290]. Dr. Gordon also filled out and signed a Medical Source Statement in which he rated "moderate" limitations in Plaintiff's ability: to carry out detailed instructions; to maintain attention and concentration for extended periods; to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; and to set realistic goals or make plans independently of others. [R. 292-295].

At the supplemental hearing on November 7, 2006, Plaintiff's attorney posed questions to the VE based on Dr. Gordon's report. [R. 443]. Applying the moderate limitations assessed by Dr. Gordon, the VE testified such a person would have trouble over a period of time sustaining competitive work, specifically noting the unreasonable number and length of rest periods as most problematic. [R. 444-445]. Plaintiff's attorney also questioned the VE regarding the availability of jobs for a person with the limitations

4

assessed by Maria Younger, whom he described as a licensed counselor with a master's degree. [R. 443, 445-447]. The VE testified that the marked limitations assessed by Ms. Younger would indicate a definite difficulty in being able to work and the severe limitations would indicate the person could do no regular kind of work assignment. [R. 446].

In his written decision, the ALJ stated there are medical findings in the record of "problems" of depression and anxiety which he apparently determined were severe because they were not "otherwise noted in the opinion." [R. 26]. In setting out his RFC assessment, he found Plaintiff could perform simple, repetitive and routine tasks. [R. 27]. This would appear to correspond with Dr. Gordon's opinion that Plaintiff has moderate limitations in ability to carry out detailed instructions and to maintain attention and concentration for extended periods. However, the ALJ did not explain how he weighed Dr. Gordon's report that Plaintiff's energy is low and she is easily fatigued. [R. 290]. Nor did the ALJ discuss Dr. Gordon's opinion that Plaintiff has moderate limitations in ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; that her ability to interact appropriately with the general public is moderately limited or that she has moderate limitations in ability to accept instructions and respond appropriately to criticism from supervisors. [R. 293]. In fact, the ALJ did not mention Dr. Gordon's report or RFC findings at all. [R. 25-33]. In the absence of ALJ findings supported by specific weighing of the evidence, the Court cannot assess whether relevant evidence adequately supports the ALJ's conclusion. *See Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (when ALJ does not provide any explanation for rejecting medical evidence, court cannot meaningfully review ALJ's determination) (citing *Clifton v. Chater*,

79 F.3d 1007, 1009 (10th Cir. 1996)( ALJ must discuss uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects).

In the Commissioner's response brief, counsel proffers an explanation for the ALJ's failure to address the additional limitations imposed by Dr. Gordon. [Dkt. 16, p.6]. However, that rationale was not expressed in the ALJ's decision. The Court may not draw factual conclusions on behalf of the ALJ. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) ("That the record contains evidence that may support a specific factual finding cannot substitute for the finding itself."). Moreover, the Commissioner's attempt to excuse the ALJ's exclusion of Dr. Gordon's "moderate" limitations in his discussion because they would not have further reduced Plaintiff's RFC is misplaced. A moderate impairment is not the same as no impairment at all. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

The Court finds this case must be reversed and remanded for the ALJ to address Dr. Gordon's opinion and explain the weight he accorded Dr. Gordon's findings in his determination with regard to functional limitations imposed by Plaintiff's mental impairment.

Additionally, despite having been alerted to the existence of Soc.Sec.Ruling 06-03p, at the supplemental hearing, the ALJ did not even mention Maria Younger's treatment records or her opinion regarding Plaintiff's limitations in performing work activities. [R. 441]. See *Titles II and XVI: Considering Opinions and Other Evidence From Sources Who are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, 2006 WL 2329939 (S.S.A. August 9, 2006) (SSR 06-3p). This Ruling clarifies how the agency

is to consider opinions from sources who are not "acceptable medical sources." 20 C.F.R. § 404.1513(a) (Acceptable medical sources include licensed medical or osteopathic doctors, licensed or certified psychologists, licensed optometrists, licensed podiatrists and qualified speech-language pathologists.). Evidence from "other sources" may be used to show the severity of the individual's impairment and how it affects the individual's ability to function. SSR 06-3p at *2. As stated by SSR 06-3p at *3 and the regulations, "other medical sources" include licensed clinical social workers and therapists. 20 C.F.R. 404.1513(d). The Ruling states that opinions from these medical sources, who are not technically deemed "acceptable medical sources" are important and should be evaluated on key issues such as impairment severity and functional effects. *Id.* The Ruling explains that opinions from "other medical sources" may reflect the source's judgment about some of the same issues addressed in medical opinions from "acceptable medical sources" including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s) and physical and mental restrictions. *Id.* at *5. It instructs the adjudicator to consider all relevant evidence in an individual's case record, including opinions from medical sources who are not "acceptable medical sources" and to explain the weight given to these opinions or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case. *Id.* at *6.

Ms. Younger's treatment notes make up a significant portion of the administrative record in this case and span a period of eighteen months. [R. 216-222, 301-335, 374-393]. Her Mental Residual Functional Capacity Assessment and responses to questions on the

Mental Status Form are accompanied with results from tests she conducted, including the Beck Depression Inventory, the Hamilton Rating Scale for Depression and the Mini-Mental State Exam. [R. 259-271]. Her updated Mental RFC assessment was provided to the ALJ at the supplemental hearing. [R. 298-299]. Additionally, her treatment records were reviewed by Dr. Gordon as part of his consultative examination on behalf of the agency. [R. 287-288].

The Tenth Circuit has concluded that SSR 06-3p requires the ALJ to explain the weight he assigned to "other source" opinions and to explain why he rejected them. *Bowman v. Astrue*, 511 F.3d 1270, 2008 WL 54149 (10th Cir. 2008); *Frantz v. Astrue*, 509 F.3d 1299, 2007 WL 4328794 (10th Cir. 2007) (reversal required where court cannot determine whether evidence from clinical nurse specialist (CNS) could have led to different result had the ALJ assessed it with reference to the new Ruling). Upon remand, the Commissioner must evaluate the treatment records and opinion generated by Ms. Younger with regard to Plaintiff's mental impairment and explain the impact this evidence had upon his determination.

## Conclusion

The Court finds the opinion of the mental consultative physician and the treatment records and opinion of the licensed professional counselor are entitled to consideration under SSR 06-3p and the regulations and that the ALJ must explain the weight he accorded that evidence in assessing Plaintiff's RFC and credibility. Because the findings at subsequent steps in the evaluative sequence may be impacted after reconsideration of that evidence, the Court does not address Plaintiff's remaining allegations of error in this case.

The decision of the Commissioner finding Plaintiff not disabled is REVERSED and REMANDED to the Commissioner for reconsideration consistent with this Order. In remanding this case, the Court does not suggest that the record is incomplete, nor dictate any result, but does so simply to assure that the correct legal standards are invoked in reaching a decision based on the facts of this case. *Huston v. Bowen,* 838 F.2d 1125, 1132 (10th Cir.1988).

SO ORDERED this 9th day of October, 2008.

*/s/ Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE